Howard Marc Spector
TBA # 00785023
SPECTOR & COX, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
Hspector@spectorcox.com

COUNSEL FOR THE DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **JSCO Enterprises, Inc.,** § | | **Case Number 23-42151** |
| § | | |
| Debtor. § | | **(Chapter 11)** |
| § | | |
| **BDO USA, P.C.** § | | **Adversary Proceeding** |
| § | | **No. 24-04087** |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **JSCO Enterprises, Inc.** § | | |
| § | | |
| Defendant. § | | |

**MOTION TO DISMISS ADVERSARY**
**COMPLAINT AND BRIEF IN SUPPORT**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

COMES NOW Defendant JSCO Enterprises, Inc. ("**Debtor**") pursuant to Fed. R. Bankr. Proc. 4004, 4007, 7012 and Fed. R. Civ. P. 12(b)(6) and respectfully requests that this Court dismiss the instant adversary proceeding filed by Plaintiff BDO USA, PC ("**Plaintiff**") for failing to state a claim for relief and because Plaintiff's Complaint is time-barred.

1. The Debtor filed for bankruptcy relief on November 9, 2023 (the "**Petition Date**").

2. The Section 341 meeting of creditors was originally scheduled for December 11, 2023. It was held and concluded on that date.

3. On November 27, 2024, the Complaint to Determine Dischargeability of Debt (the "**Complaint**") instituting the above-styled adversary was filed by Plaintiff.

4. Fed. R. Civ. P. 12(b)(6), as incorporated through Fed. R. Bankr. P. 7012, allows a court to dismiss a case if the complaint does not state a claim upon which the Court may grant relief. The statute of limitations can be asserted via a 12(b)(6) motion. *Lesti v. Wells Fargo Bank, N.A.*, 960 F.Supp.2d 1311, 1316-17 (M.D. Fla. 2013) ("A . . . 12(b)(6) motion to dismiss on statute of limitations grounds may be granted … if it is apparent from the face of the complaint that the claim is time barred."). *See also Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Fed. R. Bankr. P. 12(b)(6).")

5. In the present case, the deadline to file any complaint relating to the Debtor's discharge was the first date set for confirmation. Fed. R. Bank. Proc. 4004(a)(2). That date was March 12, 2024. Likewise any complaint respecting the dischargeability of debt under Section 523(c) of the Bankruptcy Code was required to be filed on or before February 9, 2024. Fed. R. Bank. Proc. 4007(c). No extensions of these deadlines were granted, nor were any requested. Plaintiff missed the deadlines to file the Complaint, and all claims therein are now time-barred.

6. The deadlines under Fed. R. Bankr. Proc. 4004 and 4007 are rigorously enforced. *KBHS Broad. Co., v. Sanders* (*In re Bozeman*), 226 B.R. 627, 630 (8th Cir. BAP 1998); *State Bank & Trust, N.A. v. Dunlap* (*In re Dunlap*), 217 F.3d 311, 315 (5th Cir. 2000). These deadlines may only be extended for cause, after a hearing, if a motion is made before expiration of the periods provided under those rules. Cause does not include, for instance, misapprehension or even complete ignorance of the deadline. *Themy v. Yu*, 6 F.3d 688 (1993) (10th Cir. 1993) (citations omitted).

WHEREFORE, PREMISES CONSIDERED, the Debtor, reserving all rights, including but not limited to, the right to seek relief under Fed. R. Civ. P. 12(e) and its relevant counterpart in the Federal Rules of Bankruptcy Procedure, prays that the Complaint be dismissed in its entirety, and the Debtor be granted such other relief at law and in equity to which he may be entitled.

Dated: January 27, 2025

                                                    Respectfully submitted,

                                                    By: */s/ Howard Marc Spector*
                                                          Howard Marc Spector
                                                          TBA #00785023

                                                SPECTOR & COX, PLLC
                                                Banner Place, Suite 850
                                                12770 Coit Road
                                                Dallas, Texas 75251
                                                (214) 365-5377
                                                FAX: (214) 237-3380
                                                EMAIL: hspector@spectorcox.com

                                                COUNSEL FOR THE DEBTOR

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing pleading was served via electronic means to all parties who receive ECF notice in this case and via email to the parties listed below on January 27, 2025.

                                                  */s/ Howard Marc Spector*
                                                  Howard Marc Spector

Charles Gibbs
crgibbs@mwe.com
*Attorney for BDO USA, PC*