UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| **JSCO ENTERPRISES, INC.,** | § § § | Case No. 23-42151 (BTR) |
| *Debtor.*[1] | § § § | Chapter 11 Subchapter V |
| | § § § | |
| **BDO USA, P.C.,** | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Adv. Pro. No. 24-ap-04087 (JPS) |
| **JSCO ENTERPRISES, INC.,** | § § § | |
| *Defendant.* | § § § § | |

## BDO'S OBJECTION TO DEBTOR'S MOTION TO DISMISS

### INTRODUCTION

Debtor moves to dismiss a hypothetical complaint, not BDO's Complaint. BDO's Complaint clearly seeks a determination from this Court that BDO's debt claim is nondischargeable under 11 U.S.C. § 1192(2). *See* Complaint ¶¶ 3, 5, 76, 78, 80, 87, 89, 104. Debtor's motion, however, does not address or even mention § 1192(2). Instead, Debtor's motion solely argues that a complaint to determine

---

[1] The last four numbers of the EIN disclosed by the Debtor is 4550. The Debtor has disclosed its principal place of business as 2700 Post Oak Boulevard, Suite 2100, Houston, Texas 77056.

1

dischargeability under 11 U.S.C. § 523(c) would be untimely. That argument misses the mark. Section 523(c) is not cited once in BDO's Complaint because BDO does not request a dischargeability determination under § 523(c). Rather, BDO's Complaint is based upon § 1192(2), which it cites 13 times because it is the relevant dischargeability provision for a Subchapter V case with no consensual plan.

Debtor petitioned for bankruptcy under Chapter 11, Subchapter V. Section 1192 governs dischargeability in Subchapter V bankruptcies where no consensual plan has been confirmed. Section 1192(2) excepts from discharge debts "of the kind specified in section 523(a)." As the Fifth Circuit has recognized, that reference is shorthand for listing all of the discharge exceptions in § 523(a), including debts for willful and malicious injuries under § 523(a)(6). Despite BDO's Complaint being filed under § 1192(2), Debtor relies on deadlines in Rules 4004 and 4007(c) that are not relevant here. Rather, Rule 4007(b) states that a complaint to determine dischargeability under any provision but 523(c)—such as a complaint under § 1192(2)—"may be filed at any time."

Here, BDO has adequately pleaded that its debt claim arises from willful and malicious injuries Debtor caused BDO. While the parties were litigating a contract dispute related to Debtor's founder and sole officer Eric Jia-Sobota's departure from BDO, Debtor engaged in a months-long social media smear campaign against BDO. The smear campaign called BDO a criminal organization, corrupt, sexist, racist, and

2

homophobic. Debtor fabricated nude images that it falsely stated were of BDO's CEO and made crude remarks about genitalia in the images. Debtor sent these videos and images directly to BDO clients and alliance firms to cause significant reputational harm to BDO. In March 2021, BDO sued Debtor in Delaware Chancery Court for its tortious conduct related to the smear campaign.

From early February 2021 through fall 2021, Debtor spoliated a massive amount of evidence, lied about its spoliation, and engaged in further bad faith discovery misconduct to try to cover up its spoliation. The Delaware Court held that Debtor engaged in the worst spoliation the Court had ever seen, entered default judgment on all of BDO's claims, and ordered Debtor to pay BDO $5.2 million in attorneys' fees and expenses. BDO has adequately pleaded that its debt claim arises from willful and malicious injuries inflicted by Debtor, so its debt claim is excepted from discharge under § 1192(2).

## I. Legal Standard

The Court may dismiss a complaint under Rule 12(b)(6) that is time-barred, "provided that the defense appears on the face of the complaint. It must be apparent from the plaintiff's own allegations that a defense is fatal to the claim. In other words, the pleadings must reveal beyond doubt that the plaintiffs can prove no set of facts that would overcome the defense or otherwise entitle them to relief." *In re*

*Wisner*, No. 21-41120, 2022 WL 4587047, at *1 (Bankr. E.D. Tex. Sept. 29, 2022) (internal citations and quotation marks omitted).

Section 1192(2) governs Subchapter V discharges where there is no consensual plan. Here, Debtor proposed a plan on February 7, 2024. BDO objected to Debtor's plan on April 26, 2024. There is no consensual bankruptcy plan here, so § 1192(2) governs the dischargeability of BDO's debt claim. Section 1192(2) provides:

> If the plan of the debtor is confirmed under section 1191(b) of this title, as soon as practicable after completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, ***the court shall grant the debtor a discharge of all debts*** provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, ***except any debt . . . of the kind specified in section 523(a)*** of this title.

11 U.S.C. § 1192(2) (emphasis added). Here, the relevant section of 523(a) is § 523(a)(6), which does not discharge a debtor from "any debt . . . for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6).

**II.   Argument**

BDO has adequately pleaded that BDO's debt claim for the Delaware sanction award and tort damages is nondischargeable under § 1192(2) because it arises from a willful and malicious injury Debtor inflicted on BDO.

4

### A. Debtor Waived Any Argument That § 1192(2) Is Inapplicable

As noted above, BDO's Complaint cites § 1192(2) 13 times and never cites § 523(c). BDO seeks a determination under § 1192(2) that BDO's claim is for a "debt . . . of the kind specified in section 523(a)[6]" and thus excepted from discharge.

Debtor's motion does not even reference § 1192(2), let alone argue why that section should be ignored. Instead, Debtor solely argues from the premise that BDO is seeking a dischargeability determination under § 523(c), which is incorrect. Debtor has thus not addressed the actual basis BDO relies on for a determination that its debt claim is nondischargeable. The Court should summarily deny Debtor's motion to dismiss because any time bar that is premised on a complaint filed pursuant to § 523(c) is not relevant here. Debtor has not made any argument for this Court to dismiss BDO's complaint that addresses the actual nondischargeability provision on which BDO relies.

Further, Debtor has waived any argument that BDO's debt claim is not excepted from discharge under § 1192(2) and cannot argue in any future brief or reply brief that BDO's claim should not be excepted under § 1192(2). An "argument [] not raised in the initial Motion to Dismiss [] is therefore waived." *Heckford v. City of Pasadena*, No. 4:20-CV-4366, 2021 WL 2517405, at *6 (S.D. Tex. June 18, 2021); *Marks v. Javitch Block LLC*, No. 1:23-CV-431-MJT-CLS, 2024 WL 838709,

at *3 (E.D. Tex. Feb. 27, 2024) ("'Failure to brief an argument in the district court waives that argument in that court.'"), *report and recommendation adopted*, No. 1:23-CV-431-MJT-CLS, 2024 WL 1134037 (E.D. Tex. Mar. 14, 2024) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003).

## B. Debtor's Argument That BDO's Complaint Is Time Barred Under Bankruptcy Rules 4004 and 4007 Fails

BDO filed its Complaint under § 1192(2), so it could file the complaint "at any time" under Rule 4007(b). Section 1192 applies to corporate debtors, such as JSCo Enterprises, Inc. *Matter of GFS Indus., LLC*, 99 F.4th 223, 228 (5th Cir. 2024). "[T]he reference to 'kind[s]' of debt in § 1192 serves as 'a shorthand to avoid listing all 21 types of debts' in § 523(a), 'which would indeed have expanded the one-page section to add several additional pages to the U.S. Code.'" *Id.* at 228–29 (quoting *In re Cleary Packaging LLC*, 36 F.4th 509, 515 (4th Cir. 2022)). One of the kinds of debt specified in § 523(a) is debts "for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6). When piecing §§ 1192(2) and 523(a)(6) together, the statute thus effectively reads: "the court shall grant the debtor a discharge of all debts . . . , except" debts "for willful and malicious injury." The Fifth Circuit has explained that the Subchapter V statute provides many benefits to small business debtors, but "[t]o counterbalance that benefit to debtors, Congress excepted from discharge 'any debt . . . of the kind specified in section 523(a)' . . . [i]n other words, like most legislation, Subchapter V is a compromise: affording small

6

business debtors unique benefits while subjecting them to § 523(a)'s dischargeability exceptions." *Matter of GFS Indus., LLC*, 99 F.4th 223, 232 (5th Cir. 2024) (quoting subsection 1192(2)).

BDO seeks a determination of nondischargeability under § 1192(2), not 523(c). Sections 1192(2) and 523(c) are materially different. Section 523(c) only applies to individual debtors, not corporate debtors, while § 1192(2) applies to both individual and corporate debtors. Because JSCo Enterprises, Inc. is a corporate debtor, BDO could not seek a dischargeability determination under § 523(c).

Further, § 523(c) provides in relevant part: "***the debtor shall be discharged*** from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, ***unless, on request of the creditor*** to whom such debt is owed***, and after notice and a hearing, the court determines such debt to be excepted*** from discharge under paragraph (2), (4), or (6)." (emphasis added). Section 523(c) thus requires: (1) the creditor to affirmatively file a request; (2) the court to provide notice; (3) the court to provide a hearing; and (4) ultimately affords the court discretion to determine whether the debt is dischargeable. Those four requirements are absent from section 1192(2). Indeed, §§ 523(c) and 1192(2) have inverted presumptions. Under the former, the creditor has to convince a court to except a debt. Under § 1192(2), by contrast, "any debt . . . of the kind specified in section 523(a)" is excepted from discharge, period.

In fact, it does not appear from the face of the statute that a court has any discretion to refuse to except certain types of debt from discharge under § 1192(2). Section 1192(2) states: "***the court shall . . . except [from discharge] any debt . . . of the kind specified in section 523(a)***." "[S]hall" is "mandatory" and thus "normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998); *see also In re Cleary Packaging, LLC*, 36 F.4th at 514 ("Subchapter V also provides specific rules for discharge, ***requiring*** a court to grant discharge of all debts after approval of the plan except . . . any debt 'of the kind specified in section 523(a).'") (emphasis added).

Because BDO's debt claim is nondischargeable under § 1192(2), § 523(c) is not relevant. Debtor cites Bankruptcy Rule 4007(c) as support for its assertion that BDO's complaint is time-barred. Rule 4007(c) states: "a complaint to determine whether a debt is dischargeable under § 523(c) must be filed within 60 days after the first date set for the § 341(a) meeting of creditors." BDO's Complaint does not seek a dischargeability determination under § 523(c), so Rule 4007(c) does not apply.

Rather, Rule 4007(b) is applicable here. Rule 4007(b) states: "A complaint, except one under § 523(c), may be filed at any time." BDO's Complaint is under § 1192(2), not § 523(c), so BDO could file it at any time.

In a case involving a similarly structured dischargeability provision (namely, 11 U.S.C. § 1141(d)(6)(A)), the district court rejected the applicability of Rule

8

4007(c)'s 60-day deadline. *In re Hawker Beechcraft, Inc.*, 515 B.R. 416, 426 (S.D.N.Y. 2014). The debtor in that case argued that a creditor's complaint under § 1141(d)(6)(A) was untimely under Rule 4007(c). *Id.* Section 1141(d)(6)(A) states: "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed . . . as the result of [a False Claims Act action]." The bankruptcy court had held the creditor's complaint was time barred because it was filed after the 60-day deadline, but the district court reversed. *Hawker Beechcraft*, 515 B.R. at 426. The district court held that the procedural requirements of § 523(c) and Rule 4007(c) were not incorporated into § 1141(d)(6)(A) despite the reference to two kinds of debt in § 523(a) because "Congress incorporated by reference two definitional provisions from section 523(a)—and nothing more." *Id.*; *id.* at 425 ("The plain language of section 1141(d)(6) neither sets forth nor incorporates by reference any procedural requirement for its exceptions to discharge to take effect."). *Hawker Beechcraft* is persuasive and confirms that Rule 4007(c)'s 60-day deadline is inapplicable to a dischargeability complaint filed pursuant to § 1192(2).

Debtor also asserts that Bankruptcy Rule 4004(a)(2) renders BDO's Complaint untimely. Not so. Rule 4004(a)(2) states: "In a Chapter 11 case, a complaint objecting to a discharge must be filed on or before the first date set for the

9

hearing on confirmation." Rule 4004(a)(2) is inapplicable here, as ample authority shows.

The Advisory Committee comments to Rule 4004 state: "Subdivisions (a) and (b) of this rule prescribe the procedure for determining whether a discharge will be granted *pursuant to § 727 of the Code*." (emphasis added). *See also In re Moussa*, 95 B.R. 449, 450 (Bankr. N.D. Tex. 1989) ("Rule 4004(a) requires that section 727 objections in a Chapter 11 reorganization be 'filed not later than the first date set for the hearing on confirmation.'").

Rule 4004 is concerned with the discharge of a debtor, such as under § 727 or § 1141(d). *See Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004) (differentiating Rules 4004 and 4007, noting that "[u]nder Bankruptcy Rule 4007(c), . . . [the] time prescriptions apply to complaints targeting the discharge of *a particular debt pursuant to 11 U.S.C. § 523(c)*" . . . while Rule 4004 applies to "time prescriptions for objections to the discharge of *any debts under § 727(a)*" (emphasis added)); *In re Benishek*, No. 23-24120-KMP, 2024 WL 3647768, at *1 (Bankr. E.D. Wis. Aug. 2, 2024) ("The Complaint in this adversary proceeding does not request that the Court deny the Debtor's entire discharge. It is limited to a request that the Court except a particular debt from discharge under § 523(a)(6). Rule 4004 does not govern the deadline for filing the Complaint in this case. Rule 4007 does.").

Local Rule 4004-1 details the process for objecting to a debtor's discharge, including for a discharge where there is no consensual plan in a Subchapter V bankruptcy. Local Rule 4004-1 requires that after a debtor makes all plan payments, the debtor must move for entry of discharge and provide 28-day negative notice to allow a creditor to object. None of that occurred here, demonstrating that Rule 4004 is inapplicable and does not bar BDO's Complaint. BDO filed no objections to a § 727 or § 1141(d) discharge of the Debtor and instead filed its Complaint under § 1192(2) to determine that its *particular* claim is excepted from discharge. Rule 4004(a)(2) does not apply to BDO's Complaint.

Further, if Debtor were correct that a creditor in a Subchapter V case with no consensual plan was subject to Rule 4004(a)(2), it would effectively nullify § 1192(2) by imposing on a creditor the requirement to affirmatively act by objecting to discharge, something that is not required by § 1192(2). Grafting the requirement to object onto § 1192(2) would make § 1192(2) more like § 523(c) where there is an express requirement for a creditor to request that a court determine whether to except a debt from discharge or not. Rendering § 1192(2) a dead letter or adding atextual requirements to it would contravene traditional canons of statutory interpretation. *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249 (1985) (An "elementary canon of construction [is] that a statute should be interpreted so as not to render one part inoperative."); *Turkiye Halk Bankasi A.S. v. United States*,

11

598 U.S. 264, 284 (Gorsuch, J., concurring in part) (2023) (stating courts cannot "graft[] an atextual limitation onto the law's unambiguous terms"). It would also exceed the judicial role to depart from the plain text here. *Matter of Hamilton*, 125 F.3d 292, 297 (5th Cir. 1997) (condemning "forays into judicial legislation [because] [t]hey exceed the scope of a bankruptcy judge's role, which is to interpret and apply the statute, not to rewrite it"). For this additional reason, Rule 4004(a)(2)'s deadline does not apply to BDO's Complaint.

### III. Conclusion

For the foregoing reasons, Debtor's motion to dismiss must be denied.

Dated: February 3, 2025

**MCDERMOTT WILL & EMERY LLP**

By: */s/ Charles R. Gibbs*
Charles R. Gibbs
(Texas State Bar No. 07846300)
Eric C. Seitz
(Texas State Bar No. 24067863)
2501 N. Harwood Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 295-8000
crgibbs@mwe.com
eseitz@mwe.com

***ATTORNEYS FOR BDO USA, P.C.***

## CERTIFICATE OF SERVICE

  The undersigned counsel hereby certifies that on this 3rd day of February 2025, he caused a true and correct copy of the foregoing to be served on all counsel of record in this adversary proceeding at the addresses and in the manner indicated herein.

               */s/ Charles R. Gibbs*
               Charles R. Gibbs

### Via ECF

| | |
|---|---|
| Howard Marc Spector | James McMillan |
| Spector & Cox, PLLC | Halloran Farkas + Kittila LLP |
| 12770 Coit Road | 5801 Kennett Pike |
| Suite 850 | Suite C/D |
| Dallas, Texas 75251 | Wilmington, DE 19807 |
| E-mail: HSpector@spectorcox.com | E-mail jm@hfk.law |